# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.    No. 1:17-cv-678 JAP/CG
    1:14-cr-3088 JAP/CG

CARLOS PUA CAUDILLO,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## DISMISSING DEFENDANT'S HABEAS PETITION

Defendant Carlos Pua Caudillo asks the Court to vacate or reduce his federal sentence. *See* MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE (Doc. No. 59) (Motion).[1] Defendant asserts his counsel rendered ineffective assistance and failed to adequately inform him of the terms of his plea agreement. After reviewing the matter *sua sponte* under Habeas Corpus Rules 4(b) and 11(a), the Court will dismiss the Motion.

Defendant pled guilty to possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (Doc. No. 42). He received a sentence of 78 months imprisonment. (Doc. No. 54). The Court entered JUDGMENT on Defendant's conviction and sentence on November 24, 2015. (Doc. No. 55). No appeal was filed. Defendant's conviction therefore became final on December 9, 2015, the first business day following the expiration of the 14-day appeal period. *See United States v. Prows,* 448 F.3d 1223, 1227–28 (10th Cir. 2006); *U.S. v. Garcia-Roman,* 466 Fed. App'x 750, 751 (10th Cir. 2012). Over a year and a half later, on June 22, 2017, Defendant filed the motion. (Doc. No. 59).

---

[1] Unless otherwise noted, all further references are to documents filed in criminal case no. 1:14-cr-3088.

By an ORDER TO SHOW CAUSE (Doc. No. 64) entered August 24, 2017, the Court required Defendant to demonstrate why the Motion should not be dismissed because it was filed after the one-year limitation period in § 2255(f)(1). *See also U.S. v. McGaughy,* 670 F.3d 1149, 1152 n. 1 (10th Cir. 2012) (Motions under § 2255 must generally be filed within one year after the defendant's conviction becomes final).

Defendant's RESPONSE TO SHOW CAUSE (Doc. No. 65) (Response) was filed September 20, 2017. Defendant offered the following explanation in an attempt to toll the one-year period:

> Petitioner is not a natural U.S. citizen who possesses the skills to have anticipated his incompetent defense counsel behavior…. Petitioner is late because it assume[d] the government would retaliate, defense counsel made it clear that I should be scare[d] of any decision to appeal. Petitioner was in fact scare[d] and for that reason hesitate[d] for so long… [A]lso soon after my sentence I was in transfer, without knowing the law…. I dedicated myself to work …, school, and exercise … to release my mental stress against my regret of been bull[ied] and let others successful shame me. The hardship that I been put through has open[ed] my eyes and now finally I get a chance to explain[] the unlawful means that brought me to a plea of guilty.

Response, p. 2.

This explanation is not sufficient to toll the statute of limitations. Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000) (addressing § 2254). *See also U.S. v. Cordova,* 1999 WL 1136759, * 1 (10th Cir. Dec. 13, 1999) (equitable tolling applies in § 2255 cases). "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances…." *Yang v. Archuleta,* 525 F.3d 925, 928 (10th Cir. 2008). He must provide "specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims." *Miller v. Marr,* 141

F.3d 976, 978 (10th Cir.1998)

The Tenth Circuit has held that the "lack of knowledge regarding the law, including ignorance resulting from language barriers, does not toll the statute of limitations." *U.S. v. Galindo,* 406 Fed. App'x 322, 324 (10th Cir. 2001) (unpublished) (citing *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir.2000); *Yang v. Archuleta*, 525 F.3d 925, 929–30 (10th Cir.2008)). The limitation period is also not tolled where, as here, an "attorney advised [the petitioner] that there were no obvious claims that justified filing an appeal on his behalf." *U.S. v. Hines,* 592 Fed. App'x 755, 756 (10th Cir. 2015) (unpublished). *See also Marsh,* 223 F.3d at 1220 ("[Petitioner chose to rely upon assistance from the … attorney …. The fact that an [attorney] was assisting in drafting the … petition does not relieve [the inmate] from the personal responsibility of complying with the law."). Although Defendant may have felt scared to file an appeal, he has not argued that he took any steps to file his habeas petition by December 9, 2016 or that he lacked access to the Court. Equitable tolling is therefore not warranted in this case.

The Court also notes that none of § 2255(f)'s statutory tolling provisions apply. Under that section, the one-year limitation period can be extended where:

(1) The inmate was prevented from making a motion by "governmental action in violation of the Constitution or laws of the United States...." § 2255(f)(2);

(2) The motion is based on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3); or

(3) The inmate could not have discovered "the facts supporting the claim … through the exercise of due diligence." § 2255(f)(4).

The Response does not raise any of these issues. Consequently, Defendant's Motion must be dismissed as untimely pursuant to 28 U.S.C. § 2255(f)(1).

Under Habeas Corpus Rule 11(a), the Court determines *sua sponte* that Defendant has failed to make a substantial showing that he has been denied a constitutional right. The Court will therefore deny a certificate of appealability.

IT IS THEREFORE ORDERED that Defendant's MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE (Doc. No. 59) is DISMISSED with prejudice; a certificate of appealability is DENIED; and JUDGMENT will be entered.

IT IS FURTHER ORDERED that Defendant's MOTION TO APPOINT COUNSEL (Doc. 61) is DENIED as moot.

_____
UNITED STATES DISTRICT JUDGE